IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| REBECCA PRATT, AS SURVIVING SPOUSE OF MICHAEL PRATT, DECEASED,<br><br>Plaintiff,<br><br>v.<br><br>DELAVAN INDUSTRIES, INC.,<br><br>Defendant. | JURY TRIAL DEMANDED<br><br>CIVIL ACTION<br>FILE NO. _____ |

## COMPLAINT FOR DAMAGES

COMES NOW Rebecca Pratt, as Surviving Spouse of Michael Pratt, deceased, and files this Complaint for Damages against Defendant as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Rebecca Pratt is a citizen of Georgia. She is the surviving spouse of Michael Pratt, deceased.[1]

2.

---

[1] At present, an estate has not been created for decedent Michael Pratt. Once an administrator has been appointed for decedent's estate, Plaintiff will move to amend her complaint to add the estate's claim for the survival action.

1

Defendant Delavan Industries, Inc. (hereinafter "Delavan") is a Texas corporation with its principal place of business in New York. Delavan is subject to personal jurisdiction in this Court because it transacts business in this state, it committed a tortious act or omission within this state, and it regularly does or solicits business in this state and committed a tortious injury in this state caused by an action or omission outside of this state. *See* O.C.G.A. § 9-10-91. Delavan may be served with process through its registered agent CT Corporation System, 111 Eighth Avenue, New York, New York 10011, or as otherwise allowed by law.

3.

Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

4.

On or about December 8, 2008, Michael Pratt was performing work as a car hauler at a GM dealership in Rome, Georgia. While walking on the head rack of the car hauler (the "Subject Car Hauler"), Michael Pratt fell and landed on the ground about 10 feet below.

5.

As a result of this fall, Michael Pratt sustained serious injuries that rendered him a quadriplegic. Michael Pratt ultimately died from his injuries on January 4, 2009.

6.

The Subject Car Hauler that Michael Pratt was operating at the time of his fall was originally manufactured by Defendant Delavan's predecessor company, which was also incorporated as Delavan Industries, Inc.

7.

Prior to the Michael Pratt's fall, Defendant Delavan refurbished the Subject Car Hauler so as to effectively become its manufacturer because it was not returned to the original design but was instead modified and made more dangerous. Delavan's acts or omissions in refurbishing the Subject Car Hauler rendered the Subject Car Hauler unreasonably dangerous. Specifically, Delavan removed safety devices that existed on the Subject Car Hauler to prevent operators from falling from the head rack; it failed to install safety devices that would have prevented operators from falling from the head rack; and it failed to warn operators of the hazards associated with the Subject Car Hauler that resulted from its aforementioned conduct in removing safety devices and failing to install safety devices.

### COUNT ONE – STRICT PRODUCTS LIABILITY

8.

Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

9.

Delavan refurbished the Subject Car Hauler in such a way that Delavan effectively became the manufacturer of the Subject Car Hauler. Delavan's conduct in refurbishing and manufacturing the Subject Car Hauler, and the head rack in particular, subjects it to strict liability.

10.

Delavan was engaged in the business of refurbishing and manufacturing car haulers like the Subject Car Hauler for use and consumption across the United States, including in Georgia.

11.

Delavan's refurbishment and manufacture of the Subject Car Hauler rendered the Subject Car Hauler defective. Specifically, Delavan removed safety devices that existed on the Subject Car Hauler to prevent operators from falling from the head rack; it failed to install safety devices that would have prevented operators from falling from the head rack; and it failed to warn operators of the hazards associated with the Subject Car Hauler that resulted from its aforementioned conduct in removing safety devices and failing to install safety

devices. Because of these defects, the Subject Car Hauler was unreasonably dangerous to a person who might reasonably be expected to use or be affected by the product.

12.

The Subject Car Hauler was expected to and did reach the user without substantial change in the condition in which it was manufactured by Defendant and refurbished.

13.

Decedent Michael Pratt was a person who would reasonably be expected to use or be affected by the Subject Car Hauler, and Decedent Michael Pratt used the Subject Car Hauler in a reasonably foreseeable fashion.

14.

As a direct and proximate result of the defects in the Subject Car Hauler, decedent Michael Pratt sustained serious personal injuries and died. As the surviving spouse, Rebecca Pratt is entitled to recover damages for the full value of the life of her husband.

## COUNT TWO – NEGLIGENCE

15.

Plaintiff realleges and incorporates by reference the foregoing paragraphs as if they were fully restated verbatim herein.

16.

Delavan was negligent in refurbishing and manufacturing the Subject Car Hauler in that it failed to exercise reasonable care to prevent the product from creating an unreasonable risk of harm to the person of one who might reasonably be expected to use or be affected by the product while it was being used in the manner that Delavan might reasonably have expected.  In particular, Delavan removed safety devices that existed on the Subject Car Hauler to prevent operators from falling from the head rack; it failed to install safety devices that would have prevented operators from falling from the head rack; and it failed to warn operators of the hazards associated with the Subject Car Hauler that resulted from its aforementioned conduct in removing safety devices and failing to install safety devices.

17.

As a direct and proximate result of Delavan's negligence, Michael Pratt sustained serious personal injuries and died.  As the surviving spouse, Rebecca Pratt is entitled to recover damages for the full value of the life of her husband.

**WHEREFORE**, Plaintiff prays that summons issue, that Defendant be served and made to appear and answer, that a JURY TRIAL be held, and that Plaintiff be awarded judgment in Plaintiff's favor and against the Defendant as follows:

(a) Under Count One, that Plaintiff be awarded damages against Defendant for the full value of the life of the decedent Michael Pratt in an amount to be determined by a jury of Plaintiff's peers;

(b) Under Count Two, that Plaintiff be awarded damages against Defendant for the full value of the life of the decedent Michael Pratt in an amount to be determined by a jury of Plaintiff's peers;

(c) That the costs of this action be levied against Defendant; and

(d) That Plaintiff be awarded such other and further relief as this Court deems just and proper.

                                Respectfully submitted
                                WARSHAUER LAW GROUP, P.C.

                                By: _____
                                Michael J. Warshauer
                                mjw@warlawgroup.com
                                Georgia Bar No. 018720
                                Darl H. Champion, Jr.
                                dhc@warlawgroup.com
                                Georgia Bar No. 910007

                                Attorneys for Plaintiff

3350 Riverwood Parkway
Suite 2000
Atlanta, GA 30339
(404) 892-4900
(404) 892-1020 fax